IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN, CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANNUITY PLAN and BRICKLAYERS AND ALLIED CRAFTWORKERS LOCAL NO. 21, | Case No. |
| Plaintiffs, | Judge |
| v. | |
| | Magistrate Judge |
| WATSON COMMERCIAL GROUP, INC, d/b/a COUTURE SURFACES | |
| Defendant. | |

# **C O M P L A I N T**

Plaintiffs, the CHICAGO TILE INSTITUTE WELFARE PLAN, et al., by their attorneys, GRANT R. PIECHOCINSKI, MICHAEL J. MCGUIRE and the law firm of GREGORIO & MARCO, Ltd., complain of the Defendant, WATSON COMMERCIAL GROUP, INC, d/b/a COUTURE SURFACES., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO TILE INSTITUTE WELFARE PLAN, the CHICAGO TILE INSTITUTE PENSION PLAN, and the CERAMIC TILE AND TERRAZZO LOCAL 21 B.A.C ANUITY PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CERAMIC TILE, TERRAZZO, AND GRANITE CUTTERS UNION LOCAL NO. 21, formerly known as Local 67. (hereinafter referred to as the "Union").

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4. The Trust Funds are administered at 660 N. Industrial Drive, Suite 102, Elmhurst, Illinois and venue is proper in the Northern District of Illinois.

5. The Defendant is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. **(Exhibit A)**. The CBA binds the Defendant to the terms of the Trust Agreements which created the Trust Funds.

6. The CBA and Trust Agreements require the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union. The CBA and Trust Agreements also require the Defendant to submit its book and records to the Funds for audits to ensure proper contributions and wages are being paid.

7. The CBA and Trust Agreements provide that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

8. The CBA and Trust Agreements provide that an employer shall submit its books and records to an auditor chosen by the Trust Funds so that a fringe benefit compliance audit may take place to ensure the proper fringe benefits are being paid by the employer.

9. The Defendant breached the provisions of the CBA and Trust Agreements by failing to comply to an audit request and by failing to supply its books and records to the Trust

Funds' auditor for the time period of April 1, 2017 through the present so that a fringe benefit audit may be completed.

10. As a result of said breach, the Defendant is also liable to the plaintiffs for the following ancillary damages:

    a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

    b. liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

    c. double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

    i. That the Defendant be ordered to submit its books and records for the time period of April 1, 2017 through the present so that a fringe benefit audit may be conducted.

    ii. That the Defendant be ordered to pay all findings and contributions owed as shown by the audit.

    iii. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

    iv. That the Defendant be ordered to pay interest or liquidated damages on any amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

    v. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

    vi. That Plaintiffs have such other and further relief as the Court deems just and equitable.

Respectfully submitted:

**CTI Benefit Funds**

BY: <u>/s/ Grant R. Piechocinski</u>
 One of their attorneys

Grant R. Piechocinski
Gregorio & Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343